Case 1:15-mr-00841-KK   Document 2   Filed 12/18/15   Page 1 of 9
AO 106 (Rev. 04/10) Application for a Search Warrant

SEALED

**FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
DEC 1 8 2015
MATTHEW J. DYKMAN
CLERK**

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No.  15mr841
KRISTIN HOWARD )
DOB: XX/XX/1990 )
SSN: XXX-XX-5281 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

KRISTIN HOWARD, DOB: XX/XX/1990, SSN: XXX-XX-5281.

located in the _____ District of _____ NEW MEXICO _____, there is now concealed *(identify the person or describe the property to be seized)*:

Cranial hair and DNA biological samples (buccal swabs) of Kristin Howard, DOB: XX/XX/1990, SSN: XXX-XX-5281.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 1153 | Offenses committed within Indian Country. |
| 18 USC 1111 | Murder |
| 18 USC 2 | Principals |

The application is based on these facts:
See attached.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Sarah Rick, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 12-18-2015

_____
Judge's signature

City and state: Albuquerque NM        Kirtan Khalsa, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CASE No. |
| VS | ) |
| | ) AFFIDAVIT IN |
| Kristin Howard | ) SUPPORT OF SEARCH |
| Year of Birth: 1990 | ) WARRANT |
| | ) |
| Myron Lee | ) |
| Year of Birth: 1989 | ) |

## I. Introduction

Your affiant, Sarah Rich, being duly sworn, depose and say as follows:

1. Your Affiant has been a Special Agent (SA) of the Federal Bureau of Investigation (FBI) since November 2014. I am currently assigned to the Albuquerque Field Office, with a primary duty to investigate individuals involved in violent crimes. I have participated in numerous investigations to include homicides, assaults, robberies, arson, etc. including violations of 18 U.S.C. § 1153 (Crimes committed within Indian Country) and 18 U.S.C. § 1111 (Murder) and have experience in executing DNA search warrants.

KK

2. The information contained in this affidavit was communicated to Your Affiant by SA Aaron Philip Carp. SA Carp has been employed as an SA for the Federal Bureau of Investigation (FBI) for approximately 9 years and 7 months. SA Carp is currently assigned to the Gallup Resident Agency of the FBI located in Gallup, New Mexico. SA Carp's investigative responsibilities include violent crimes and child sexual assaults committed on the Navajo Indian Reservation. During the course of the investigation the following information was obtained and provided to Your Affiant by SA Carp:

## II. Investigative Information

3. This case involves the death of Jane Doe, a twenty-five year old female, year of birth 1989, by twenty-five year old Navajo male, Myron Lee, year of birth, 1989, and twenty-four year old Navajo female, Kristin Howard, year of birth 1990, on the Navajo Indian Reservation on November 28, 2014. The investigation has revealed that on November 28, 2014, Kristin Howard and Myron Lee physically assaulted Jane Doe, did not obtain medical care for Jane Doe and acted with a callous and wanton disregard for Jane Doe, such actions resulting in Jane Doe's death, in Bread Springs, New Mexico, in violation of 18 USC Sections 1153, 1111 and 2.

### III. SUMMARY OF THE FACTS

4.  On November 30, 2014, at approximately 2:42pm, the Navajo Police Department received a call for an unresponsive female, in a ditch, at the intersection of State Road 602 and Blue Medicine Well Road, Bread Springs, New Mexico.  Navajo Police later determined that the unresponsive female was deceased.

5.  On November 30, 2014, the Navajo Police Department, Criminal Investigator Benjamin Yazzie, notified the FBI of the deceased female and requested FBI presence.

6.  On November 30, 2014, at approximately 3:15 pm, FBI personnel arrived at the scene at State Road 602 and Blue Medicine Well Road, Bread Springs, New Mexico.  Navajo Police and McKinley County Sheriff's Department were on scene.  The scene consisted of an arroyo, and on the ground at the bottom of the arroyo on the south side of Blue Medicine Well Road was the body of an unknown female.  The body was found face up, several feet away from an area of dirt covered in apparent blood.

7.  The unknown female's body was clothed in black pants and a black tank-top.  Her right hand contained several strands

of hair.  The female did not exhibit any apparent severe traumatic injury; however, she did exhibit apparent injury to the face, with apparent blood from the nose and mouth.

8.    Navajo Police Department processed the scene.  Navajo Police also canvassed the nearby homes for witnesses, but did not find any.

9.    On December 9, 2014, the Office of the Medical Investigator made contact with the FBI and requested an autopsy be performed on the unknown female.

10.   On December 11, 2014, the Office of the Medical Investigator contacted the FBI and provided that preliminary autopsy findings included broken ribs and abrasions to the body.  Then in a report from the Office of the Medical Investigator dated February 9, 2015, the Medical Investigator determined Jane Doe's cause of death to be blunt trauma to the head, torso, and extremities.  This report also opined the manner of death as accident.  It is understood that the results of the forensic testing associated with this search warrant and further investigation of this matter may have a material affect regarding the ultimate opinion of the Office of the Medical Investigator as to the manner of Jane Doe's death.

11. On December 11, 2014, the Gallup Police Department presented the FBI with a missing persons poster with a picture of a female who exhibited similar facial characteristics as the unknown female found in Bread Springs, New Mexico on November 30, 2014.

12. On December 11, 2014, family members of Jane Doe identified a picture of the deceased female found at the intersection of State Road 602 and Blue Medicine Well Road, Bread Springs, New Mexico on November 30, 2014 as that of Jane Doe.

13. On December 11, 2014, the sister of Jane Doe, provided the names of Myron Lee as Jane Doe's boyfriend and Kristin Howard as Jane Doe's friend.

14. On December 11, 2014, the FBI and New Mexico State Police located Myron Lee, who provided during the course of an interview that Jane Doe and Kristin Howard were at his home in Yeh Tah Hey, New Mexico on the night of November 28, 2014. Jane Doe drove her vehicle, and left his residence in Yeh Tah Hey, New Mexico the evening of November 28, 2014 with Kristin Howard. Myron Lee denied seeing either Jane Doe or Kristin Howard after they left his residence on November 28, 2014.

KK

15. On December 11, 2014, the FBI and New Mexico State Police located Kristin Howard, who provided during the course of an interview that on the evening of November 28, 2014 she departed Myron Lee's residence in Yeh Tah Hey, New Mexico with Jane Doe, in Jane Doe's vehicle. Jane Doe drove Kristin Howard to Kristin Howard's residence at West Route 9 and Highway 491, McKinley County, New Mexico, but stopped in the driveway leading to Kristin Howard's residence. Kristin Howard provided that she then fell asleep in the car, and when she woke, Jane Doe was gone having left her car behind. Kristin Howard provided no further explanation with regards to the scenario and sequence of these events.

16. On December 15, 2014, the FBI, New Mexico State Police, and Navajo Police conducted another interview of Kristin Howard, who provided further details regarding the night of Jane Doe's disappearance. Investigators presented to Kristin Howard that evidence, in the form of hair, was found in the hand of Jane Doe. Kristin Howard provided that she engaged in a physical altercation with Jane Doe, and that the hair found in the hand of Jane Doe likely belonged to Kristin Howard. Kristin Howard further stated that on the night of November 28, 2014, at the intersection of State Road 602 and Blue Medicine Well Road,

KK

Bread Springs, New Mexico, Kristin Howard assisted in throwing Jane Doe into the arroyo, where she was later found deceased.

17. The interview with Kristin Howard was concluded when she requested to speak with an attorney prior to answering anymore questions.

18. SA Carp stated to your Affiant that based on the information set forth in this affidavit, there is probable cause to believe that Kristin Howard was present and involved in the actions leading up to the death of Jane Doe, which occurred within the confines of the Navajo Indian Reservation on or about November 28, 2014. The aforementioned forensic samples in the possession of Kristin Howard are material and relevant to determining whether the hair recovered from the hand of Jane Doe matches the forensic samples to be recovered from Kristin Howard and may, for example, establish Kristin Howard's presence at, and complicity in, the death of Jane Doe, and be evidence of Jane Doe defending herself.

19. This affidavit is submitted in support of an application for a warrant to seize and search cranial hair and DNA biological samples (buccal swabs) of Kristin Howard. Through training and experience, Your Affiant is aware that

*KK*

scientific examination of comparative forensic samples of cranial hair and DNA samples can be helpful and meaningful in the development of the investigation of criminal cases and may prove to be probative in this case of determining complicity in the violation of 18 U.S.C. §§ 1153, 1111 and 2.

20. I swear that this information is true and correct to the best of my knowledge and belief.

Sarah Rich
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 18th day of December, 2015.

United States Magistrate Judge